## W. T. WALLING v. THE STATE.

### No. 6302. Decided June 22, 1921.

**1.—Working Public Road—Road Overseer—Superintendent—Summons.**

Where defendant contended for failure to work the public road that the summons, in the instant case, having been made under the direction of the road overseers instead of the superintendent, the same was illegal, and that he need not respond to such notice, held, the same was untenable.

**2.—Same—Statutes Construed—Road Overseer—Superintendent.**

The Act of the Thirty-fifth Legislature, in which the office of superintendent of public roads and bridges is created does not supersede the general road law in the appointment of road overseers.

**3.—Same—Invalid—Physical Inability—Public Road.**

Where, upon trial of failure to work the public road, the defendant claimed that he was physically unable to perform labor upon the public road by reason of cancer of the intestines, and introduced testimony to support his contentions, he came within the scope of the term invalid as used in the statutes, and the court should have submitted a requested charge. instructing the jury to acquit if they found that the defendant was afflicted as aforesaid.

Appeal from the County Court of Chambers. Tried below before the Honorable Joe F. Wilson.

Appeal from a conviction of a failure to work the public road; penalty, a fine of $1.

The opinion states the case.

*A. W. Marshall,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for failure to work the road, and punishment assessed at a fine of one dollar.

The information alleges that appellant was legally summoned to work the road by a duly authorized agent of the road overseer. Contention is made that a special road law for Chambers County was passed by the fourth called session of the Thirty-fifth Legislature, in which the office of superintendent of public roads and bridges was created; and that by the provisions of Section 10 of said Act said superintendent was empowered to call out persons liable to work on the public roads, and that the summons in this case having been made under the direction of the road overseer and not the superintendent, the same was illegal and no liability, criminal or otherwise, arose against appellant by reason of his failure to respond to such notice.

We think this contention is not tenable. An examination of the Act referred to discloses that it does not undertake to supersede the general road law in the appointment of road overseers, but in express terms provides: "This law shall be cumulative of all other general laws on the subject of roads and bridges not in conflict herewith, and where not otherwise provided herein such general laws shall apply; but in case of conflict with other general laws the provisions of this chapter shall govern." We do not understand that the provisions above quoted are with reference to the appointment of road overseers, and their authority to warn out hands to work upon the public roads, but only confers upon the superintendent a like power which may be exercised by him at his option without interfering with a like right on the part of the overseer.

The defense in this case was that appellant was physically unable to perform labor upon the public road by reason of cancer of the intestines. This defense was supported by the testimony of appellant himself and his physician. For some reason the same was entirely ignored in presenting the case to the jury. No defensive theory was presented in the charge. By reference to Article 6919, Vernon's Sayles' Texas Civil Statutes, in specifying who are liable to work on the public road, we find the following:

"All male persons between the ages of eighteen and forty-five years shall be liable, and it is hereby made their duty, to work on, repair and clean out the public roads, under provisions and regulations of this title, except ministers of the gospel in the active discharge of their ministerial duties, *invalids,* members of the Texas National Guard organized under provisions of the title 'Militia,' and the members of all

volunteer fire companies in the active discharge of their duties as firemen, who shall be exempt."

If appellant was afflicted in the manner indicated by the testimony, and had been advised by his physician not to do any physical labor, and the jury believed the testimony on this point, the ordinary meaning of the word "Invalid" is sufficiently broad to embrace such condition. The court declined to give the jury an opportunity to pass upon this, and, in effect, told them that if defendant had been summoned and had failed to respond and work upon the road, he would be guilty. The charge of the court was excepted to for failure to define the word "invalid," and special charges were requested submitting this issue to the jury, all of which were refused by the court. We believe that special charge number two was properly refused, as it was a charge upon the weight of the evidence, in terms, instructing the jury that the evidence showed that defendant was afflicted with cancer. This ought to have been left as a question of fact to be determined by the jury.

Other charges requested by appellant upon this issue were not objectionable, and the issue should have been submitted to the jury, and for failure to do so the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*